NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 13, 2014[*]
Decided February 13, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3231

|  |  |
|---|---|
| PETER J. LONG, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 12-cv-647-wmc |
| AMY K. WONDRA, et al., *Defendants-Appellees.* | William M. Conley, *Chief Judge.* |

**O R D E R**

---

[*] The appellees were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2).

Wisconsin prisoner Peter Long appeals the dismissal of his civil-rights suit alleging that his participation in the state's early-release, substance-abuse-treatment program was terminated without due process. Because the district court correctly concluded that Long's complaint failed to state a claim, we affirm.

Under Wisconsin's Early Release Program, a prisoner can expedite his release from prison by completing a substance-abuse-treatment program offered through the Department of Corrections. *See* WIS. STAT. § 302.05. As set forth in documents attached to his complaint, Long enrolled in one such 26-week program at the Drug Abuse Correctional Center in Winnebago, Wisconsin. According to his complaint, 17 weeks into the program he was removed for continuing to operate (from prison) the real-estate business that he ran before he was incarcerated—a violation of prison regulations, WIS. ADMIN. CODE DOC § 303.32(1). If he had successfully completed the substance-abuse-treatment program, he would have been released within a month to "extended supervision." WIS. STAT. § 302.05(3)(c)(2). Long insists that the stated reason for his removal from the program was a "lie" and that the actual reason was an unrelated medical problem (a knee injury).

The district court screened Long's complaint and dismissed it for failure to state a claim. *See* 28 U.S.C. § 1915A. Long had no due-process claim, the court concluded, because he had no protected liberty interest in a rehabilitation program, even if it might lead to his early release from prison.

Long maintains that he has a liberty interest in participating in the substance-abuse program because he is guaranteed an early release if he completes the program. But due process is required only when state action "will inevitably affect the duration of [a prisoner's] sentence," *Sandin v. Conner*, 515 U.S. 472, 487 (1995), and, as we have explained, "the successful completion of a program is not inevitable." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000); *see also Higgason v. Farley*, 83 F.3d 807, 809–10 (7th Cir. 1996); *Persechini v. Callaway*, 651 F.3d 802, 807–08 (8th Cir. 2011); *Wilson v. Jones*, 430 F.3d 1113, 1119 (10th Cir. 2005); *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000). Even if Long remained in the program, he might not have performed all of its requirements. The denial of the opportunity to continue in the program thus did not inevitably affect the duration of his sentence.

AFFIRMED.